IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BABSON COLLEGE )
  )
  Plaintiff, )
  )
v. ) Civil Action No.
  )
PAUL D. REYNOLDS AND JOHN )
AND JANE DOE(S) ) 04-11336 RCL
  Defendants. )

### DEFENDANT'S SUPPLEMENTAL MOTION FOR TEMPORARY RESTRAINING ORDER

The Defendant, Paul D. Reynolds, ("Reynolds"), herby moves that the Court enter one or more orders, as follows:

1. TEMPORARILY RESTRAINING and enjoining the plaintiff, Babson College, and each of its agents, servants, employees, representatives, and attorneys (collectively "Babson"), and all those persons in active concert or privity with Babson, from failing forthwith to comply with the following procedures pertaining to any e-mail accounts or hard copy paper files under the control of Babson, and any computer hardware or software in the possession or under the control of Babson:

   A. Babson shall immediately identify all hard copy paper files, e-mail accounts and computers under its control that contain any communications concerning Defendant and/or the conduct or ongoing funding of the program Global Entrepreneurship Monitor ("GEM") or any similar program, said communications including without limitation, communications since at least May 1, 2003 between Babson and any representative, employee or agent of the London Business School, the Florida International University, the Kauffman Foundation, any source of actual or potential

funding of the GEM program or any similar program and any of the National teams that have ever participated in the GEM program.

B. For each computer or other storage medim under the control of Babson that contains the e-mail communications of Section A hereof, Babson shall not delete, remove or otherwise move any e-mails stored or contained in or on any such e-mail accounts and shall make one full-image copy onto a separate computer storage device and shall deliver such copy as soon as reasonably practicable to Defendant;

C. Defendant shall promptly review such full image copy and catalogue the same for purpose of identifying all "Personal Data," which for purposes hereof shall mean any information, correspondence and data that do not directly or indirectly concern or relate to Babson's communications referred to Section A hereof, and then Defendant shall make a second copy of such full image copy ('Second copy') that does not contain said Personal Data ('Second copy');

D. Babson may at reasonable times conduct its own review of the full image copy to determine what it regards as Personal Data and advise Defendant of same such that the parties may attempt to agree on which materials relate to Babson's communications referred to in Section A hereof;

E. The Second Copy will thereafter be maintained by Defendant and subjected to whatever review and analysis as it deems appropriate. Upon conclusion of the litigation, the Court shall make such order as shall be appropriate under the circumstances with respect to the disposition of the full image copy and any Second Copy, any and all reports and other analysis thereof.

F. For each hard copy paper file or files referred to in Section A hereof, Babson shall not destroy, delete or remove any papers, part or portion that comprise said files and shall allow Defendant to inspect all such files to determine the existence of all hard paper copies that contain information directly or indirectly related to said communications referred to in Section A; and upon completion of Defendant's

inspection, Plaintiff shall make and deliver to Defendant one full paper copy set of all papers and documents that Defendant identifies as pertaining directly or indirectly to all said communications.

2. TEMPORARILY RESTRAINING and enjoining Babson from using or disclosing to any person or entity any of the information that Babson has heretofore copied from Defendant's laptop computer.

The foregoing motion is supported by the Declaration of Paul D. Reynolds which is filed concurrently herewith together with a proposed form of Order.

WHEREFORE, Reynolds prays that the within motion be ALLOWED.

PAUL D. REYNOLDS

Dated: 15 JUNE 2004

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing motion was served on counsel for Plaintiff on even date herewith.

Dated: 15 JUNE 2004