*Suffolk Superior Civil # 04-2439 BLS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABSON COLLEGE | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. |
| PAUL D. REYNOLDS | ) 04-11336 RCL |
| Defendant | ) |
| and | ) |
| JOHN AND JANE DOE(S) Reach and Apply Defendants | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U. S. C. §1441, defendant Paul D. Reynolds (" Reynolds") files this Notice of Removal and states:

1. Reynolds is the defendant in an action commenced against him by plaintiff in the Superior Court of the Commonwealth of Massachusetts for Suffolk County captioned <u>Babson College v. Paul D. Reynolds and John and Jane Doe(s)</u>, Civil Action No. 04-2439-BLS2 (the "state action"). True copies of all process, pleadings and orders served on Reynolds in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2. In its complaint, plaintiff Babson alleges that Reynolds's voluntary separation from Babson terminated his right to lawful possession of property, including confidential and proprietary information, relating to a certain Global Entrepreneurship Monitor (GEM) research project, that Reynolds possesses such property, and has thereby converted such property.

3.  Plaintiff describes the nature of the action in the complaint as "theft of intellectual property" and identifies the GEM-related intellectual property allegedly owned by Babson as application software, the GEM marks and logo, data sets.

4.  Reynolds was served with a summons and a copy of plaintiff's complaint on June 4, 2004. Consequently, this notice is timely under 28 U.S.C. §1446(b).

5.  This action is one which this Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and 28 U.S.C. §1391 and which may be removed to this court by Reynolds.

I HEREBY ATTEST AND CERTIFY ON
JUNE 16, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

Respectfully submitted,

_____
PAUL D. REYNOLDS
67 Gilson Road
Scituate, MA 02066
Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served on counsel for plaintiff on even date herewith by first class mail postage pre-paid and by fax.

Dated: 15 JUNE 2004

_____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2439-BLS

Babson College ___PLAINTIFF(S)

v.

Paul D. Reynolds ___DEFENDANT(S)

Filed: June 10, 2004
(Botsford, J.)
/s/ Jane G. Walsh
Asst. Clerk

**NOTICE OF APPEARANCE**

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance as attorney for __Paul D. Reynolds__

in the above entitled action.

Dated: 10 June 2004.

/s/ Bruce D. Jobse
Bruce D. Jobse
Attorney for plaintiff - defendant
Address: Kudirka & Jobse
One State Street
Suite 800
Boston, MA 02109

Tel. No. (617) 367-4600

BBO Number 558,152

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BABSON COLLEGE | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| PAUL D. REYNOLDS AND JOHN AND JANE DOE(S) Defendants. | ) 04-11336 RCL |

FILED
IN CLERK'S OFFICE

2004 JUL 15 P 2: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

### DEFENDANT'S SUPPLEMENTAL MOTION FOR TEMPORARY RESTRAINING ORDER

The Defendant, Paul D. Reynolds, ("Reynolds"), herby moves that the Court enter one or more orders, as follows:

1. TEMPORARILY RESTRAINING and enjoining the plaintiff, Babson College, and each of its agents, servants, employees, representatives, and attorneys (collectively "Babson"), and all those persons in active concert or privity with Babson, from failing forthwith to comply with the following procedures pertaining to any e-mail accounts or hard copy paper files under the control of Babson, and any computer hardware or software in the possession or under the control of Babson:

   A. Babson shall immediately identify all hard copy paper files, e-mail accounts and computers under its control that contain any communications concerning Defendant and/or the conduct or ongoing funding of the program Global Entrepreneurship Monitor ("GEM") or any similar program, said communications including without limitation, communications since at least May 1, 2003 between Babson and any representative, employee or agent of the London Business School, the Florida International University, the Kauffman Foundation, any source of actual or potential

funding of the GEM program or any similar program and any of the National teams that have ever participated in the GEM program.

B. For each computer or other storage medium under the control of Babson that contains the e-mail communications of Section A hereof, Babson shall not delete, remove or otherwise move any e-mails stored or contained in or on any such e-mail accounts and shall make one full-image copy onto a separate computer storage device and shall deliver such copy as soon as reasonably practicable to Defendant;

C. Defendant shall promptly review such full image copy and catalogue the same for purpose of identifying all "Personal Data," which for purposes hereof shall mean any information, correspondence and data that do not directly or indirectly concern or relate to Babson's communications referred to Section A hereof, and then Defendant shall make a second copy of such full image copy ('Second copy') that does not contain said Personal Data ('Second copy');

D. Babson may at reasonable times conduct its own review of the full image copy to determine what it regards as Personal Data and advise Defendant of same such that the parties may attempt to agree on which materials relate to Babson's communications referred to in Section A hereof;

E. The Second Copy will thereafter be maintained by Defendant and subjected to whatever review and analysis as it deems appropriate. Upon conclusion of the litigation, the Court shall make such order as shall be appropriate under the circumstances with respect to the disposition of the full image copy and any Second Copy, any and all reports and other analysis thereof.

F. For each hard copy paper file or files referred to in Section A hereof, Babson shall not destroy, delete or remove any papers, part or portion that comprise said files and shall allow Defendant to inspect all such files to determine the existence of all hard paper copies that contain information directly or indirectly related to said communications referred to in Section A; and upon completion of Defendant's

## PENDING MOTIONS

1.  DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR REPLEVIN filed June 10, 2004 in Massachusetts Superior Court, Civil Action No. 04-2439-BLS2

2.  DEFENDANT'S SUPPLEMENTAL MOTION FOR TEMPORARY RESTRAINING ORDER filed June 15, 2004 herewith.

06/15/2004  11:21    781-545-4881           THOMPSON BUSINESS SY                    PAGE  01/01

inspection, Plaintiff shall make and deliver to Defendant one full paper copy set of all papers and documents that Defendant identifies as pertaining directly or indirectly to all said communications.

2. TEMPORARILY RESTRAINING and enjoining Babson from using or disclosing to any person or entity any of the information that Babson has heretofore copied from Defendant's laptop computer.

The foregoing motion is supported by the Declaration of Paul D. Reynolds which is filed concurrently herewith together with a proposed form of Order.

WHEREFORE, Reynolds prays that the within motion be ALLOWED.

PAUL D. REYNOLDS

Dated: 15 JUNE 2004           _____

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing motion was served on counsel for Plaintiff on even date herewith.

Dated: 15 JUNE 2004           _____

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Babson College

### DEFENDANTS
Paul D. Reynolds

2004 JUN 15 P 2: 18

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Plymouth**
(IN U.S. PLAINTIFF CASES ONLY) MASS.
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

Attorneys (If Known)
**04-11336 RCL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**28 USC Sections 1331, 1338   Copyright infringement; trademark infringement**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE **15 JUNE 2004**
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Babson College v. Paul D. Reynolds__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   04-11336 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [X]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul D Reynolds__  __PAUL D REYNOLDS__
ADDRESS __67 GILSON ROAD; SCITUATE, MA 02066__
TELEPHONE NO. __781-545-6379__

(Coversheetlocal.wpd - 10/17/02)

MAS-20030912  
guen

**Commonwealth of Massachusetts**  
SUFFOLK SUPERIOR COURT  
Case Summary  
Civil Docket

06/15/2004  
04:43 PM

## SUCV2004-02439
### Babson College v Reynolds

| | | | | |
|---|---|---|---|---|
| **File Date** | 06/03/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 06/15/2004 | **Session** | BLS2 - CtRm 20 | |
| **Origin** | 1 | **Case Type** | BD1 - Intellectual property | |
| **Lead Case** | | **Track** | B | |

| | | | | |
|---|---|---|---|---|
| **Service** | | **Answer** | | **Rule12/19/20** |
| **Rule 15** | | **Discovery** | | **Rule 56** |
| **Final PTC** | | **Disposition** | | **Jury Trial** No |

### PARTIES

**Plaintiff**  
Babson College  
Active 06/03/2004

**Private Counsel 075220**  
Robert B Carpenter  
Seyfarth Shaw  
2 Seaport Lane Suite 300  
World Trade Center East  
Boston, MA 02210-2028  
Phone: 617-946-4800  
Fax: 617-946-4801  
Active 06/03/2004 Notify

**Defendant**  
Paul D Reynolds  
Service pending 06/03/2004

**Private Counsel 378755**  
M Lawrence Oliverio  
Kudirka & Jobse  
One State Street  
Boston, MA 02109  
Phone: 617-367-4600  
Fax:  
Active 06/11/2004 Notify

**Private Counsel 558152**  
Bruce Jobse  
One State Street  
Suite 800  
Boston, MA 02109  
Phone: 617-367-4600  
Active 06/15/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/03/2004 | 1.0 | Complaint (Business) filed |
| 06/03/2004 | | Origin 1, Type BD1, Track B. |
| 06/03/2004 | 2.0 | Civil action cover sheet filed |
| 06/03/2004 | 3.0 | Notice of acceptance into business litigation session |
| 06/03/2004 | 4.0 | Motion of plff for the appointment of Suvalle Jodrey & Associates as special process server and allowed (vanGestel J) |
| 06/04/2004 | | Upon payment of $90.00 to Clerk/Magistrate notice to show cause to issue returnable Thursday June 10, 2004 in room 20 at 9:00AM with TRO issued in order (Botsford J) |

MAS-20030912          **Commonwealth of Massachusetts**          06/15/2004
guen          SUFFOLK SUPERIOR COURT          04:43 PM
Case Summary
Civil Docket

## SUCV2004-02439
## Babson College v Reynolds

| Date | Paper | Text |
|---|---|---|
| 06/04/2004 | | Fee paid Summons order of notice and TRO issued |
| 06/04/2004 | 5.0 | ORDER re: TRO issued (Botsford J) |
| 06/10/2004 | 6.0 | INTERLOCUTORY ORDER On Preliminary Injunction (Margot Botsford, Justice) |
| 06/15/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Paul D. Reynolds U. S. Dist.#(04-11336RCL). |
| 06/15/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 06/10/2004 | CtRm 20 | Motion/Hearing: prel inj | Event held--Under Advisement |
| 06/21/2004 | CtRm 20 | Motion/Hearing: prel inj continuation of TRO (REMOVED TO U.S. DISTRICT COURT) | Event canceled not re-scheduled |

. HEREBY ATTEST AND CERTIFY ON

JUNE 16, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY._____

ASSISTANT CLERK.